UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOY L. CONGREVE,<br><br>　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security Administration,<br><br>　　　　　　　　　Defendant. | NO: 13-CV-0031-TOR<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT are the parties' cross-motions for summary judgment (ECF Nos. 15, 24 and 29). Plaintiff is represented by William C. Kirsch and Paul L. Clark. Defendant is represented by L. Jamala Edwards. This matter was submitted for consideration without oral argument. The Court has reviewed the administrative record and the parties' completed briefing and is fully informed. For the reasons discussed below, the Court grants Plaintiff's motion and denies Defendant's motion.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 1

## JURISDICTION

The Court has jurisdiction over this case pursuant to 42 U.S.C. § 405(g).

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited: the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158-59 (9th Cir. 2012) (citing 42 U.S.C. § 405(g)). "Substantial evidence" means relevant evidence that "a reasonable mind might accept as adequate to support a conclusion." *Id.* at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether this standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless."

*Id.* at 1111. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## ALJ'S FINDINGS

Plaintiff filed an application for disability insurance benefits on August 1, 2009, alleging a disability onset date of July 16, 2009. Tr. 163-66. Her application was denied initially and upon reconsideration, and Plaintiff requested a hearing. Tr. 91-93, 100-01, 109-13. A hearing was held before an Administrative Law Judge on March 24, 2011. Tr. 35-88. The ALJ rendered a decision denying Plaintiff benefits on April 29, 2011. Tr. 15-23.

The ALJ found that Plaintiff met the insured status requirements of Title II of the Social Security Act through December 31, 2013. Tr. 17. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since July 16, 2009, the amended alleged onset date. Tr. 117. At step two, the ALJ found that Plaintiff had severe impairments consisting of (1) degenerative disc disease of the lumbar spine, status post fusion surgery; and (2) chronic pain syndrome of unknown etiology. Tr. 17. At step three, the ALJ found that Plaintiff's severe impairments did not meet or medically equal a listed impairment. Tr. 20. The ALJ then determined that Plaintiff had the residual functional capacity to:

1    [L]ift and carry 20 pounds occasionally and 10 pounds frequently.
     She is able to stand and/or walk for a total of 2 hours in an 8-hour
2    workday, and can sit for a total of 6 hours in an 8-hour workday. She
     would need to be able to alternate positions at will. She is limited to
3    occasional operation of fort pedals bilaterally. She should never
     climb ladders, ropes or scaffolds, and should never balance. She has
4    occasional limitations on all other postures. She should avoid even
     moderate exposure to unprotected heights.

Tr. 20. At step four, the ALJ found that Plaintiff was able to perform past relevant work as a medical administrator. Tr. 22. In light of this step four finding, the ALJ concluded that Plaintiff was not disabled under the Social Security Act and denied her claims on that basis. Tr. 22-23.

The Appeals Council denied Plaintiff's request for review on November 29, 2012, making the ALJ's decision the Commissioner's final decision for purposes of judicial review. Tr. 1-7; 20 C.F.R. § 404.981.

## ISSUES

Plaintiff raises five issues for review:

1. Whether the Appeals Council erred in refusing to consider a psychological evaluation and mental residual functional capacity assessment by Dr. Richard Gallaher which were performed approximately three months after the ALJ's decision;

2. Whether the ALJ erred in failing to develop evidence of a possible medically determinable mental impairment under SSR 96-7p;

3. Whether the ALJ erred in rejecting the opinions of Dr. James Fisher;

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 4

4. Whether the ALJ erred in finding Plaintiff's statements about the nature and extent of her disabling symptoms not credible; and

5. Whether the ALJ erred in fashioning Plaintiff's residual functional capacity.

## DISCUSSION

Following the ALJ's April 29, 2011 denial of her application for Title II benefits, Plaintiff visited Dr. Richard Gallaher, Jr. for the purpose of obtaining a psychological evaluation. Dr. Gallaher examined Plaintiff on July 17, 2011, and memorialized his findings in a report and a mental residual functional capacity assessment dated July 27, 2011. Plaintiff submitted these materials to the Appeals Council in support of her request for review on August 1, 2011, and again on November 14, 2012. ECF No. 12 at 2. Although it considered several other new exhibits, the Appeals Council declined to consider Dr. Gallaher's psychological evaluation and mental residual functional capacity assessment:

> The remaining evidence that you submitted . . . indicates that it was created after the issuance of the Administrative Law Judge's decision. This evidence does not affect the decision's conclusion about whether you were disabled during the period considered by the decision dated April 29, 2011; however, it is being returned to you because it may be used to file another application.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 5

Tr. 2. Consequently, these materials were not incorporated into the administrative record.[1]

The Commissioner's regulations require the Appeals Council to consider new and material evidence not considered by the ALJ that "relates to the period on or before the date of the [ALJ's] hearing decision." 20 C.F.R. § 404.970(b). "Thus, the Appeals Council *must* consider evidence submitted with a request for review if it is (a) new, (b) material, and (c) relates to the period on or before the date of the ALJ's decision." *Bergmann v. Apfel*, 207 F.3d 1065, 1069 (8th Cir. 2000) (emphasis in original) (quotation and citation omitted). Whether evidence is new, material and related to the relevant time period is a question of law reviewed de novo. *Box v. Shalala*, 52 F.3d 168, 171 (8th Cir. 1995). If a reviewing court concludes that the Appeals Council failed to consider evidence which satisfies these criteria, "remand to the ALJ is appropriate so that the ALJ can reconsider its

---

[1] Plaintiff submitted the materials prepared by Dr. Gallaher to this Court under seal. ECF No. 17. Because these materials are not part of the administrative record, the Court considers them only for the limited purpose of deciding whether the Appeals Council erred in refusing to consider them in conjunction with Plaintiff's request for review.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 6

decision in light of the additional evidence." *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1233 (9th Cir. 2011).

Plaintiff argues that the Appeals Council erred in failing to consider the psychological evaluation and mental residual functional capacity assessment prepared by Dr. Gallaher on the ground that they were "created after the issuance of the [ALJ's] decision." ECF No. 15 at 11-13; ECF No. 30 at 2-5.  The Court agrees.  Although Dr. Gallaher examined Plaintiff approximately three months after the ALJ denied benefits, "the timing of the examination is not dispositive" for purposes of determining whether his opinions relate to the time period considered by the ALJ.  *Jones v. Sullivan*, 804 F. Supp. 1398, 1404 (D. Kan. 1992) (citing *Williams v. Sullivan*, 905 F.2d 214, 216 (8th Cir. 1990)).  Having reviewed the materials prepared by Dr. Gallaher, the Court finds that his opinions relate to the alleged period of disability considered by the ALJ.  Although Dr. Gallaher's report does not specifically reference this time period, his opinions relate to the same pain symptoms considered by the ALJ.  As Dr. Gallaher recounts, Plaintiff's uncontrollable pain began shortly after her surgery in August 2008 and didn't get any better after her back surgery in April 2010.  ECF No. 17 at 3-4.  She has suffered relentless pain ever since. *See id.*  It also bears noting that Dr. Gallaher's opinions are geared toward rebutting the ALJ's adverse credibility finding by identifying possible psychological causes of Plaintiff's otherwise unexplained pain

symptoms. When viewed in this context, Dr. Gallaher's opinions plainly relate to the same period of alleged disability considered by the ALJ. As such, the Appeals Council was required to consider them in conjunction with Plaintiff's request for review. 20 C.F.R. § 404.970(b). The case is therefore remanded to the Commissioner for proceedings not inconsistent with this decision pursuant to sentence four of 42 U.S.C. § 405(g).[2]

---

[2] Although a remand to the Commissioner for consideration of new evidence is typically entered pursuant to sentence six of 42 U.S.C. § 405(g), that provision is not implicated by the present ruling. So-called "sentence six" remands are only implicated when a case is remanded for consideration of new evidence which the plaintiff, for good cause shown, failed to incorporate into the administrative record. *See Melkonyan v. Sullivan*, 501 U.S. 89, 99 (1991) ("Under sentence six, the district court may remand in light of additional evidence without making any substantive ruling as to the correctness of the Secretary's decision, but only if the claimant shows good cause for failing to present the evidence earlier."). Where, as here, the Appeals Council refuses to consider new evidence that it was required to consider under 20 C.F.R. §404.970(b), a so-called "sentence four" remand is appropriate. *See Staley v. Massanari*, 17 F. App'x 609, 610 (9th Cir. 2001).

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 8

Because this case is being remanded to the Commissioner for consideration of Dr. Gallaher's opinions in the first instance, the Court deems it inappropriate to address the merits of Plaintiff's remaining challenges in this appeal. The Court notes, however, that Dr. Gallaher's opinions appear to have significant bearing on the issue of Plaintiff's credibility. Whether Dr. Gallaher's opinions can be reconciled with the ALJ's existing adverse credibility determination or any of the other remaining issues in the case is for the Commissioner to decide in the first instance.

**IT IS HEREBY ORDERED:**

1. Defendant's Motion for Summary Judgment (ECF No. 29) is **DENIED**.

2. Plaintiff's Motion for Summary Judgment (ECF Nos. 15 and 24) is **GRANTED**.

3. Pursuant to sentence four of 42 U.S.C. § 405(g), this action is **REVERSED** and **REMANDED** to the Commissioner for further proceedings consistent with this Order.

The District Court Executive is hereby directed to file this Order, enter judgment for Plaintiff, provide copies to counsel, and **CLOSE** the file.

**DATED** March 21, 2014.



THOMAS O. RICE
United States District Judge

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 9